UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
THE ANNUITY, WELFARE AND
APPRENTICESHIP SKILL IMPROVEMENT
& SAFETY FUNDS OF THE
INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 15, 15A, 15C & 15D,
AFL-CIO, BY THEIR TRUSTEES JAMES
CALLAHAN, THOMAS A. CALLAHAN,
MICHAEL SALGO and WILLIAM TYSON,
CENTRAL PENSION FUND OF THE
INTERNATIONAL UNION OF OPERATING
ENGINEERS, BY ITS CHIEF EXECUTIVE
OFFICER MICHAEL A. CRABTREE and
INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 15, 15A,
15C & 15D, AFL-CIO BY ITS PRESIDENT
& BUSINESS MANAGER THOMAS A.
CALLAHAN,

     Plaintiffs,        **REPORT AND RECOMMENDATION**
                     **22 CV 556 (NGG)(LB)**

  -against-

RIZZO ENVIRONMENTAL SERVICES
CORP.,

     Defendant.
------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

  Plaintiffs The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers Local 15, 15A, 15C, and 15D, AFL-CIO ("Local 15 Trust Funds"), by their trustees James T. Callahan, Thomas A. Callahan, Michael Salgo and William Tyson, Central Pension Fund of the International Union of Operating Engineers ("CPF"), by its Chief Executive Officer Michael A. Crabtree and International Union of Operating Engineers Local 15, 15A, 15C, & 15D, AFL-CIO ("Local 15"), by its President and Business Manager Thomas A. Callahan bring this action against defendant Rizzo Environmental Services

1

Corp. ("Rizzo") to enforce provisions of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1145, 1104, 1109, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Compl. ¶ 1, ECF No. 1. Despite proper service of the summons and complaint, defendant Rizzo has failed to plead or otherwise defend this action. Plaintiffs now move for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. ECF No. 9. The Honorable Nicholas G. Garaufis referred plaintiffs' motion for a default judgment to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that plaintiffs' motion should be granted.

## BACKGROUND[1]

Plaintiff Local 15 Trust Funds are employee pension benefit plans or employee welfare benefit plans, within the meaning of ERISA, established to provide retirement income and other benefits to their participants. Compl. ¶¶ 6-7. These funds are also "multi-employer/employee benefit plans." Id. ¶ 8. Plaintiff CPF is also an employee pension benefit plan and a multi-employer/employee benefit plan within the meaning of ERISA. Id. ¶¶ 11-12. Plaintiff Local 15 is a Labor Organization as defined by the LMRA. Id. ¶ 13.

Plaintiff Local 15 and defendant Rizzo are parties to a collective bargaining agreement ("CBA"). Id. ¶19. The CBA obligates defendant Rizzo to remit benefit contributions to the Local 15 Trust Funds and CPF at specified rates, remit union dues and other payments to Local 15, and to submit to audits designed to ensure that proper payments have been made to the plaintiffs. Id. ¶¶ 20-22.

---

[1] The facts are drawn from the uncontested allegations in plaintiffs' complaint, ECF No. 1, as well as documents incorporated by reference, and are taken as true for the purpose of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997) (deeming all well-pleaded allegations in a complaint admitted on a motion for a default judgment).

Plaintiffs allege that defendant Rizzo may have failed to accurately report the number of employees, the number of hours worked by those employees, and wages paid. Id. ¶ 29. This in turn may have resulted in inaccurate reporting of the remittances due to plaintiffs. Id. Plaintiffs requested defendant's books and records so that an audit could be conducted but defendant refused to submit to an audit as required. Id. ¶ 30. Plaintiffs allege that defendants have violated ERISA and the CBA by failing to pay contributions, union dues, and make other required payments totaling approximately $100,000 for the period July 1, 2017 through December 31, 2021. Id. ¶¶ 32, 35, 37.

## PROCEDURAL HISTORY

Plaintiff commenced this action on January 31, 2022. Compl., ECF No. 1. Defendant Rizzo was served with the summons and complaint on February 23, 2022. ECF No. 6. Defendant failed to answer and the Clerk of Court noted its default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 8. Plaintiffs then filed the instant motion for a default judgment, seeking an Order directing defendant to comply with an audit of its books and records and an award of attorney's fees. Pls.' Mot., ECF Nos. 9-12. In support of their motion, plaintiffs filed a proposed order (ECF No. 9-1); a statement of damages (ECF No. 9-2); the affidavit of the Local 15 Trust Funds administrator, Catherine Chase (Chase Aff., ECF No. 10); its counsel's affidavit and accompanying exhibits (Steinberg Aff., ECF No. 11); and a Memorandum of Law (Pls.' Mem. of Law, ECF No. 12).

## STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. Priestly v. Headminder, Inc., 647 F.3d 497, 504 (2d Cir.

3

2011). First, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2). Upon the completion of these two steps, the court must determine if the plaintiff's well-pleaded complaint establishes a legitimate cause of action. See Greathouse v. JHS Sec. Inc., 784 F.3d 105, 116 n.17 (2d Cir. 2015).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993) (citing Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1983)); Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice")).

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997). Even though the pleadings are deemed admitted, the Court still has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). Though the Court must draw all reasonable inferences from the facts in plaintiffs' favor to

determine defendant's liability, see Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009), it "need not credit the plaintiffs' legal conclusions." Priestly, 647 F.3d at 504.

If the unchallenged facts establish defendant's liability, the Court then determines the amount of damages due. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111). In evaluating defendant's liability, the Court is limited to the four corners of the complaint. Rolls-Royce PLC, 688 F. Supp. 2d at 153. The Court is not so restricted in determining damages, which may be calculated based on documentary evidence, affidavits, or evidence presented at a hearing on damages. See Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111.

## DISCUSSION

### I. Defendant's Liability under ERISA and the LMRA

### A. ERISA

Section 515 of ERISA provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. The term "employer" refers to "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." Id. § 1002(5). ERISA's reference to a " 'plan' means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." Id. § 1002(3). At the pleading stage, allegations in a complaint that an employer failed to remit contributions to an ERISA plan are sufficient to establish the employer's liability under ERISA. Finkel, 970 F. Supp. 2d at 119 (finding that an ERISA claim was adequately

alleged where the complaint stated that the employer failed to make ERISA contributions); see also Trs. of the Local 813 Ins. Tr. Fund v. A.A. Danzo Sanitation, Inc., No. 16-CV-318(SJ)(SJB), 2018 WL 4268907, at *3-4 (E.D.N.Y. Aug. 8, 2018) (finding liability where a complaint alleged that the defendant was an employer who failed to make contributions as required by a CBA) Report and Recommendation adopted by 2018 WL 4266038 (E.D.N.Y. Sept. 5, 2018).

Defendant Rizzo is liable to plaintiffs under ERISA. The complaint sufficient establishes that the Local 15 Trust Funds and plaintiff CPF are all "multi-employer/employee benefit plans" as defined by ERISA. Compl. ¶¶ 6-8, 11-12. Defendant Rizzo is also alleged to be an employer within the statute's definition. Id. ¶ 18. Further, the complaint alleges that defendant Rizzo was bound by the terms of the parties' CBA which required it to remit contributions to the plaintiff plans and to submit to an audit, but failed to honor these obligations. Id. ¶¶ 30, 32-33, 37-40. In the default context, taking these allegations as true, defendant Rizzo is liable to plaintiffs for unpaid contributions. See Trs. of Pavers and Road Builders Dist. Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds v. Triple H. Concrete Corp., No. 15 Civ. 6687(ARR)(VMS), 2018 WL 1178036, at *6 (E.D.N.Y. Feb. 16, 2018) (citing Trs. of Local 813 Ins. Tr. Fund v. Bradley Funeral Serv., Inc. No. 11 Civ 2885 (ARR)(RLM), 2012 WL 3871759, at *3 (E.D.N.Y. Aug. 10, 2012)) ("[O]n a motion for default judgment, factual allegations in the complaint that a defendant failed to comply with the payment rules established by the provisions of a CBA and any applicable contracts are sufficient to establish an ERISA violation.") Report and Recommendation adopted by 2018 WL 1175151 (E.D.N.Y. Mar. 6, 2018).

**B. LMRA**

When an employer fails to honor the terms of a contract with a labor union, Section 301 of the LMRA permits the union to file suit in federal court to enforce the rights of its members. 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization…may be brought in any district court of the United States…."). Allegations in a complaint that an employer breached an agreement with a union by failing to pay benefit contributions are sufficient to establish liability under the LMRA. Trs. of the Bldg. Trades Educ. Benefit. Fund v. Romero Electric LLC, No. 19-CV-3515(DRH)(AYS), 2021 WL 3604811, at *6 (E.D.N.Y. July 19, 2021) (citing Flanagan v. Marson Grp., Ltd., No. 11 Civ. 2896 (ADS)(GRB), 2014 WL 4426277, at *3-4 (E.D.N.Y. Aug. 11, 2014)) Report and Recommendation adopted by 2021 WL 3603612 (E.D.N.Y. Aug. 13, 2021).

Here, the complaint establishes defendant's liability under the LMRA. As stated in the complaint, the parties' CBA obligates defendant Rizzo to remit benefit contributions and union dues to plaintiffs and to permit an audit of its books and records, but it has failed to comply. Compl. ¶¶ 21-22, 32. In the default context, these allegations are sufficient. Trs. of Dryall Tapers & Pointers Local Union No. 1974 Benefit Funds v. Plus K Constr., No. 20-CV-1643(AJN), 2021 WL 1199566, at *4 (S.D.N.Y. Mar. 30, 2021) (citation omitted) ("Because this allegation establishes breach of the Agreement, it also establishes liability under Section 301 of the LMRA.").

**II. Damages and Injunctive Relief**

It is well established that a default, is "deemed to constitute a concession of all well pleaded allegations of liability," but it is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230,

234 (2d Cir. 2012) (internal quotation marks and citation omitted); see also Credit Lyonnais Secs. (USA), Inc., 183 F.3d at 155 ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."). On a motion for a default judgment, a plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc, 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111). The Court, however, does not need to hold a hearing, as "detailed affidavits and documentary evidence" may be sufficient. Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234 (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)).

In ERISA cases seeking an award of damages after a finding of liability, Courts frequently rely solely on the affidavits, reports, and other documentary evidence submitted by plaintiffs. See e.g., Bricklayers Ins. & Welfare Fund v. McGovern & Co., LLC, No. 17-CV-6067(SJ)(ST) 2019 WL 2271942, at *3 (E.D.N.Y. Mar. 6, 2019) (listing the copious documentary evidence supporting plaintiffs' damages request, including declarations, shop steward reports, and rate schedules) Report and Recommendation adopted by 2019 WL 1772399 (E.D.N.Y. Apr. 23, 2019); Bricklayers Ins. & Welfare Fund v. Primo Brick, No. 11-CV-5742(FB)(LB) 2013 WL 2120338, at *4 (E.D.N.Y. Apr. 3, 2013) (finding a hearing on damages unnecessary when plaintiffs provided multiple affirmations and additional documentary evidence) Report and Recommendation adopted by 2013 WL 2120318 (E.D.N.Y May 15, 2013); Bricklayers Ins. & Welfare Fund v. Precise Brick, Inc., No. 08-CV-4362(CBA)(CLP), 2009 WL 4891821, at *6 (E.D.N.Y. Dec. 17, 2009) ("[W]here the plaintiffs have filed reasonably detailed affidavits and exhibits pertaining to the damages incurred…the Court can make an informed recommendation regarding damages without an evidentiary hearing.").

At this juncture, plaintiffs seek only an order directing defendant to submit to an audit of its books and records for the time period July 1, 2017 through December 31, 2021 as required by the CBA. Pls.' Mem. of Law 6; Steinberg Aff. ¶ 8. Plaintiffs request that if a delinquency is discovered after the audit, that they then be permitted to seek a damages award. In support of their request, plaintiffs rely on the affidavit of the Local 15 Trust Funds Administrator, Catherine Chase, (Chase Aff., ECF No. 10) and their counsel's affidavit and its accompanying exhibits (Steinberg Aff., ECF No. 11).

**A. Injunctive Relief**

In addition to monetary relief, ERISA directs that "[i]n any action…the court shall award the plan such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). "Where defendant is in default and where the applicable statute provides for injunctive relief as a possible remedy, the court may issue an injunction provided that plaintiffs meet the requirements for obtaining a permanent injunction, which include a showing of 'irreparable harm should the injunction not be granted.'" La Barbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 349-50 (E.D.N.Y 2009) (internal quotation marks omitted) (quoting King v Nelco Indus., Inc., No. 96-CV-4177, 1996 WL 629564, at *1 (E.D.N.Y. Oct. 23, 1996)). In the ERISA context, this burden is met where the defendant defaults and refuses to submit to an audit. See Trs. of Pavers & Road Builders Dist. Counsel Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds v. Genrus Corp., No. 18-CV-4232(AMD)(CLP), 2019 WL 4604972, at * (E.D.N.Y. Sept. 6, 2019) (quoting King, 1996 WL 629564, at *1) ("Where defendant has defaulted and has further refused to submit to the requested audit, plaintiffs have provided the Court with sufficient evidence 'that [defendant] intends to frustrate any judgment…or show contempt for the judicial process.'") Report and

9

Recommendation adopted by 2019 WL 4602880 (Sept. 23, 2019). In such circumstances, the Court may order defendant to abide by the terms of a CBA and to "permit and cooperate in the conduct of an audit of its records." Bricklayers Ins. & Welfare Fund v. Everest Masonry Constr., No. 16-CV-1622(NG)(SMG), 2017 WL 4179853, at *5 (E.D.N.Y. June 26, 2017) (internal quotation marks omitted) (quoting Gesualdi v. Fortunata Carting Inc., 5 F. Supp. 3d 262, 283 (E.D.N.Y. 2014) Report and Recommendation adopted by 2017 WL 4217116 (E.D.N.Y. Sept. 20, 2017). Without an audit, plaintiffs cannot ascertain defendant's monetary liability. Id.

Plaintiffs have met their burden and the Court should Order defendant to submit to an audit. As explained in the affidavit of Catherine Chase, the administrator of the Local 15 Trust Funds, defendant agreed to be bound by several CBAs which are applicable to the work its employees perform. Chase Aff. ¶ 3. These agreements include those entered into by plaintiff Local 15 and the General Contractors Association of New York, Inc., copies of which were provided with plaintiffs' motion papers. Id. Defendant agreed to be bound by the terms of the various Trust Agreements governing the Local 15 Trust Funds. Id. ¶ 4. In substance, all of these agreements provide that the Trustees of the Local 15 Trust Funds may examine defendant's books and records. See id., see also Steinberg Aff., Exs. D, E, F, & G. Despite these agreements, defendant has failed to cooperate with plaintiffs' request for an audit. Chase Aff. ¶ 5.

Accordingly, I recommend that plaintiffs' request for an Order directing defendant to comply with an audit of its books and records for the time period July 1, 2017 through December 31, 2021 should be granted. Upon the completion of the audit, plaintiff should be permitted to apply to this Court for additional relief as provided for under ERISA and the LMRA.

**III. Attorney's Fees and Costs**

Plaintiffs also request attorney's fees and costs. Under ERISA, when "a judgment in favor of the plan is awarded, the court shall award the plan reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. 1132(g)(2)(D). An award of attorney's fees and costs are also provided for by the various Trust Agreements governing defendant's obligations to plaintiffs. Steinberg Aff. ¶ 10(a), Exs. D, E, F, & G.

In this Circuit, Courts rely on the lodestar method to calculate attorney's fee awards. Courts award fees based on the reasonable hours expended on a matter and a reasonable hourly rate. McDonald ex. rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006) (citing A.R. ex rel. R.V. v. New York City Dept. of Ed., 407 F.3d 65, 79 (2d Cir. 2005)). This result is a "presumptively reasonable fee." Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Assoc v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). Any fee application must be accompanied by supporting materials, including contemporaneous time logs and affidavits. McDonald ex. rel. Prendergast, 450 F.3d at 96 (citing Chambless v. Masters, Mates * Pilots Pension Plan, 885 F.2d 1053 1058 (2d Cir. 1989)). The party seeking the fee bears the burden of demonstrating the "reasonableness and necessity" of the hours expended and fees charged. Kindle v. Dejana, 308 F. Supp. 3d 698, 703 (E.D.N.Y. 2018) (quoting Finkel v. Omega Comm'n Servs., Inc., 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008)).

**A. Reasonable Hourly Rate**

Courts determine a reasonable hourly rate by relying on the forum rule which directs that an attorney's fees comport with "the rates prevalent in the forum in which the litigation was brought." Simmons v. N.Y.C. Transit Auth. 575 F.3d 170, 172 (2d Cir. 2009). In the Eastern

District of New York, typical hourly fees in the ERISA context are as follows: "$300 to $450 per hour for partners, $200 to $300 per hour for senior associates, $100 to $250 per hour for junior associates, and $70 to $100 per hour for paralegals." Ret. Fund of Local 1482 Paint and Allied Prods. Mfrs. v. N. Adhesives, Inc., No. 19-CV-5609(MKB)(RER), 2020 WL 6370060, at *4 (E.D.N.Y. May 27, 2020) (citing Div. 1181 Amalgamated Transit Union-N.Y. Emps.' Pension Fund v. D & A Bus Co., Inc., 270 F. Supp. 3d 593, 618-19 (E.D.N.Y. 2017) [hereinafter Div. 1181 Amalgamated]) (collecting cases) Report and Recommendation adopted by 2020 WL 5587271 (E.D.N.Y. Sept. 27, 2020). The Court's analysis also requires consideration of counsel's "experience and qualifications." Gesualdi v. D. Gangi Contracting Corp., No. 18-CV-3773(FB)(SJB), 2019 WL 1130729, at *8 (E.D.N.Y. Feb. 11, 2019) Report and Recommendation adopted by 2019 WL 1128356 (E.D.N.Y. Mar. 12, 2019).

Plaintiff's counsel, James Steinberg, states that he is a partner with his law firm and has practiced in this area of law since February 17, 1995. Steinberg Aff. ¶ 13. He further states that since January 1, 2022, his hourly rate is $410.[2] Id. This rate is within the range approved for law firm partners in this district. See Ret. Fund of Local 1482 Paint and Allied Prods. Mfrs., 2020 WL 6370060, at *4.

**B. Reasonable Number of Hours Expended**

The Court also reviews the number of hours counsel devoted to this matter "to determine the reasonableness of the hours claimed." Caban v. Emp. Sec. Fund of the Elec. Prods. Indus. Pension Plan, No. 10-CV-389(SMG), 2015 WL 7454601, at *6 (E.D.N.Y. Nov. 23, 2015) (citing Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension &

---

[2] I note that in 2021, Mr. Steinberg's application for a $390 hourly rate was approved by this Court. See Annuity, Pension, Welfare & Training Funds of the Int'l Union of Operating Eng'rs, Local 15, 15A, 15C & 15D, AFL-CIO v. Glassmar Steel Erectors, Inc., No. 20-CV-3743(PKC)(LB), 2021 WL 4756990, at *6 (E.D.N.Y. Aug. 5, 2021) Report and Recommendation adopted by 2021 WL 4025779 (E.D.N.Y. Sept 3, 2021).

Welfare Funds v. Penco United, LLC, No. 13-CV-4745(SJF)(AKT), 2015 WL 1650960, at *4 (E.D.N.Y. Apr. 14, 2015)). "[E]xcessive, redundant or…unnecessary hours" should be excluded when calculating the final fee award. See Trs. of Northeast Carpenters Health, Pension, Annuity, Apprenticeship, & Labor Mgmt. Cooperation Funds v. Sabre Tile Corp., No. 19-CV-6075(AMD)(RER), 2021 WL 2742745, at *4 (E.D.N.Y. June 1, 2021) (quoting Elvey v Silver's Crust West Indian Rest. & Grill, Inc., No. 18-CV-126(FB)(VMS), 2019 3937126, at *16 (E.D.N.Y. July 3, 2019)) Report and Recommendation adopted by 2021 WL 2741648 (E.D.N.Y. July 1, 2021).

Here, plaintiffs request attorney's fees totaling $2,562.50 for 6.25 hours of work. Mem. of Law 8; Steinberg Aff. ¶ 13. In support of this request, plaintiffs supply counsel's billing records which contain only two entries; one dated January 31, 2022 for 1.25 hours and another dated March 18, 2022 for 5.0 hours. Steinberg Aff., Ex. I. The March 18, 2022 entry totaling 5.0 hours reads as follows: "Prepared and filed Request for Certificate of Default with supporting declaration and proposed certificate; prepared notice of motion, proposed default judgment, statement of damages, supporting affidavits with exhibits and memorandum of law." Id.[3] Given this matter's short history, plaintiffs' request is reasonable and plaintiffs' request for $2,562.50 in attorney's fees should be approved.

---

[3] The Court notes that although plaintiff requested a Certificate of Default on March 18, 2022, several of the other documents included in the March 18, 2022 entry are dated March 21, 2022 and were filed on March 23, 2022. See, e.g., Notice of Motion, ECF No. 9; Chase Aff.; Steinberg Aff. Although the Court recommends that counsel's fee request should be approved, counsel should strive to avoid "block billing." When the records provided offer vague descriptions of the work completed or group together multiple tasks, this complicates the Court's ability to evaluate the reasonableness of the hours expended. See Pig Newton, Inc. v. The Bd. of Dirs. of The Motion Picture Indus. Pension Plan, No. 13 Civ. 7312 (KPF), 2016 WL 796840, at *7 (S.D.N.Y. Feb. 24, 2016) (citing Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Dem. Repub., No. 10 Civ. 5256(KMW)(DF), 2012 WL 5816878, at *10 (S.D.N.Y. Nov. 14, 2012)); Melnick v. Press, No. 06-CV-6686(JFB)(ARL), 2009 WL 2824586, at *7 (E.D.N.Y. Aug. 28, 2009) ("[T]here was repeated use of block-billing such that the reasonableness of each entry could not be as easily determined."). In such cases, the Court may exercise its discretion and employ an across-the-board percentage reduction to account for the deficient records. See Div. 1181 Amalgamated, 270 F. Supp. 3d at 624 (quoting Gagasoules v. MBF Leasing LLC, 296 F.R.D. 107, 111 (E.D.N.Y. 2013)).

**C. Costs**

Plaintiffs seek $617 in costs comprised of $402 for the case filing fee and $215 for service of the summons and complaint. Mem. of Law 11; Steinberg Aff. ¶ 10(b). ERISA permits the recovery of an action's reasonable costs, 29 U.S.C. 1132(g)(2)(D), including the court filing fee and fees for service, see Trs. of Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Mgmt. Cooperation Funds v. Cold Shield, Inc., No. 19-CV-4673(FB), 2020 WL 4207440, at *2 (E.D.N.Y. July 22, 2020). Requests for costs must be properly documented. See The Annuity, Welfare, and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs, Local 15, 15A, 15C & 15D, AFL-CIO v. Iron Inc., No. 15-CV-2675(FB)(JO), 2016 WL 1068409, at *5 (E.D.N.Y. Feb. 17, 2016) Report and Recommendation adopted by 2016 WL 1069070 (E.D.N.Y. Mar. 17, 2016).

The Court has reviewed plaintiffs' requested costs and finds that they are adequately supported. The expenses for service of process are documented by two invoices from U.S. Process Service, Inc. which total $215. Steinberg Aff., Ex. H. The Court takes judicial notice of the Court's own filing fee as reflected on the docket. See Douyon v. N.Y. Medical Health Care, P.C., 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014). Accordingly, I recommend that plaintiffs be awarded $617 in costs.

**CONCLUSION**

Accordingly, it is respectfully recommended that plaintiffs' motion for a default judgment be granted. Plaintiffs' request for injunctive relief should be granted and defendant should be ordered to cooperate with an audit of its books and records for the time period July 1, 2017 through December 31, 2021. Upon the completion of the audit, plaintiffs should be

permitted to apply for additional relief as provided for under ERISA and the LMRA. Plaintiffs should be awarded attorney's fees of $2,562.50 and $617 in costs.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: April 6, 2022
       Brooklyn, New York